THE PEOPLE *v.* PORRATA.

APPEAL from the District Court of Mayagüez.

No. 217.—Decided January 24, 1910.

CRIMINAL LAW—LIBEL—STATEMENT OF THE CASE—APPROVAL THEREOF.—A statement of the case not approved by the trial judge lacks authenticity and cannot, therefore, be considered on appeal.

ID.—STATEMENT OF THE CASE—PREPARATION THEREOF—ORDERS GRANTING EXTENSIONS.—It is unnecessary to include in the record orders granting extensions for the presentation of the statement of facts, bill of exceptions, or statement of the case; neither is it necessary to include the amendments proposed by the contending parties, nor the order of the judge approving or rejecting such amendments; but when a statement of the case or of the facts has been presented with amendments, and the court determines that it contains the matter necessary to be included in the bill of exceptions, statement of facts, or statement of the case, a copy thereof should be made, incorporating therein the amendments authorized by the court in a new document containing the approval and certificate of the judge, in accordance with the statutes.

ID.—STATEMENT OF THE CASE—COMPLAINT SUFFICIENT—JUDGMENT IN ACCORDANCE WITH LAW.—The statement of the case herein presented having no legal effect whatever, and the complaint being sufficient and the judgment in accordance with law, and it not appearing that the trial court committed any fundamental error whatsoever, the judgment appealed from must be affirmed.

The facts are stated in the opinion.

*Mr. José Benet* for appellant.

*Mr. Jesús M. Rossy, fiscal,* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

In this case the defendant was accused of libel by publishing a defamatory article in the periodical called "El Combate" against Rafael San Millán, a lieutenant in the insular police force. On a trial which was had in the municipal court of Mayagüez on July 20, 1909, he was convicted and sentenced to pay a fine of twenty-five dollars ($25) or to serve twenty-five (25) days in the municipal jail. From this judgment of the municipal court he took an appeal to the District Court of Mayagüez where the case was tried anew, and on September 3 last, the same judgment was entered by the district court as had previously been rendered by the municipal court. An appeal was taken thence to this court and the matter laid before us for consideration. What purports to be a statement of the case appears in the record, but it is not signed by the district judge, nor certified to in a proper manner. All the preliminary proceedings appear to have been taken— that is to say, a statement of the case was made out by the attorney, José Benet, Esq., and after various delays, was presented to the court for consideration. All these orders according delays are carefully included in the record. The *fiscal* also presented amendments which appear certified in the record. On October 15, the court made an order setting the 19th of that month for the approval of the statement of the case. All these several orders are certified to by the secretary of the court. On the 19th the court heard both parties in regard to the approval of the statement of the case and reserved its decision for a later date. On October 21, it seems that the court ordered the amendments to be made. These orders are also certified to by the secretary, and finally the secretary on October 23, certified that the foregoing pages contain a faithful and exact copy of the record, of the statement of the case and of other

orders and proceedings had in the cause; but nowhere does it appear that the district court approved the statement of the case. It is unnecessary to include in the record the orders for delay in the presentation of the statement of facts, the bill of exceptions or the statement of the case; neither is it necessary to include either the amendments offered by the opposing parties nor the order made by the judge in sustaining or refusing the amendments; but when the statement is presented together with the amendments and the court finally decides what the statement of facts, the bill of exceptions or the statement of the case should contain, an engrossed copy should be made of the statement or bill, as the case may be, embodying all the amendments authorized by the court, making a new document, complete, which should contain the approval and the certificate of the court in accordance with the statute. It is surprising that such a record as this should be presented to this appellate court, after the minute directions contained not only in rule 17 of the Rules of the district courts, but also in the opinions heretofore rendered by this court in the case of *The People of Porto Rico* v. *Brenes,* (9 P. R. Rep., 503) decided on December 18, 1905, and in the case of *Eurípides López* v. *The American R. R. Co. of Porto Rico,* (11 P. R. Rep., 148) decided on June 28, 1906. If the opinions in these cases had been carefully studied or even casually read by the clerk or counsel, they certainly would have understood how to present a record in this court emment of the case. As it is, most of the record presented here is waste paper. This court cannot consider the statement of the case included in the record because it is not properly authenticated. We are not informed that it contains all the facts which were proven before the court, nor that it sets forth properly the testimony given before the court. We have the record of the case showing the complaint setting out the article alleged to be libelous and so complained of, and we have the judgment of the court imposing a fine or alternative imprisonment, and there is nothing in the record to show that

the court has committed, in rending this judgment, any fundamental error. Although the article, which is denounced as libelous, may not be considered libelous *per se*, still, malice could be shown by extraneous evidence and a judgment of conviction thereon duly warranted.

Taking into consideration the record, as it is presented here, shorn of the improper matter contained therein, no fundamental error appears to have been committed by the court below, and the judgment must be sustained.

*Affirmed.*

Chief Justice Hernández and Justices Figueras, Wolf, and del Toro concurred.